# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. V-07-70 |
| | § | |
| CHRISTOPHER KING | § | |

## ORDER

Pending before the Court is Defendant Christopher King's ("Defendant") Motion Requesting Prison Time to Run Concurrent (Dkt. No. 22). Having considered the motion, record, and applicable law, the Court is of the opinion that Defendant's motion should be **DENIED**.

On December 3, 2007, Defendant pled guilty to being a felon in possession of a firearm. (Dkt. No. 12.) Specifically, Defendant stole two rifles from the toolbox of a truck on March 23, 2006 and later pawned them. (Dkt. No. 14 at 3.) On February 19, 2008, Defendant was sentenced to 63 months in the Bureau of Prisons. (Dkt. No. 18 at 2.) At the time of sentencing, Defendant was serving a state term of imprisonment for an unauthorized use of a motor vehicle charge that occurred on January 2, 2006. *State v. King*, No. 06-1-7361 (24th Dist. Ct.—Jackson County, Tex. Mar. 31, 2006). Defendant anticipates being released from the Gibbs Unit state prison facility on January 5, 2014 and now requests that the remaining 38 months of his federal sentence be allowed to run concurrent with the state sentence he is currently serving.

The Court is granted discretion to determine whether sentences are to run consecutively or concurrently. 18 U.S.C. § 3584(a) (providing that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt

and for another offense that was the sole objective of the attempt") "Well-settled federal law presumes that when [ ] terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles,* 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original).

The Judgment in this case shows that the Court previously considered imposition of a concurrent sentence. Specifically, Defendant's 63-month sentence was imposed with 25 months to be concurrent with Defendant's state sentence and the balance of 38 months to be served consecutively. (Dkt. No. 18 at 2.) Because the Judgment in this case is not silent as to the Court's intent, a further modification would not be merely clarifying the intent of the Court, nor would it be correcting a clerical mistake.

Accordingly, Defendant's Motion Requesting Prison Time to Run Concurrent (Dkt. No. 22) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 11th day of July, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE